UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISON

LONDON



CRIMINAL ACTION NO. 6:17-CR-43-REW

UNITED STATES OF AMERICA

V. DEFENDANTS RESPONSE TO GOVERNMENTS OPPOSITION FOR MOTION FOR COMPASSIONATE RELEASE

MARTI PAYNE

Comes now Defendant, Marti Payne, Pro se, responds to the governments' response to opposition of granting Payne requested relief based on the claims that, Payne is not sick enough and that she is a threat to the community. On March 13, 2020, the White House declared a national state of emergency under Section 319 of the Public Health Service act 42 U.S.C 247 (d). In making a determination on whether a person should be granted compassionate release the court should review Attorney General Bill Barr's and Centers for Disease Control and Prevention (CDC) guidelines and factors related to the deadly effects of COVID 19 on certain high risk patients of the population and factors set forth in 18 U.S.C 3582 (c)(1)(a) and U.S.S.G 1B1.13

-over the age 65

-low or minimum-security level

-Inmates conduct in prison

-inmates pattern score

-verifiable reentry plan and verification that placement plan would present lower risk of contracting covid19

-crim of conviction

-ppl with chronic lung problems

-people with serious heart conditions

-people who are conditions

-obesity

-diabetes

-liver disease

-terminal illness that diminishes self-care

-defendant is at least 65 years old and has mental deterioration

-minor children without a caregiver or incapacitated caregiver

Payne meets several of the criteria established by the CDC and Attorney General Bill Barr for home confinement, Payne, although convicted of conspiracy of distribution, has serious heart issues, high blood pressure, obesity and hepatitis C and is detained at a low security Facility FCI Tallahassee. She has a clear conduct record during her period of incarceration and a low pattern score. She has obtained her gate pass, which now puts her at a low community level risk assessment according to the Bureau of Prisons (BOP). This in fact disproves the government' basis for the claims, specifically that she is a danger to the community. If she is not a danger to work in the community and is not considered a danger by the BOP, it would be the same if she were to go on home confinement, the major difference being that she will be able to raise her children. She is currently waiting for a transfer to Lexington, Ky, where she would continue her incarceration mandate in a camp with low security. COVID 19 has delayed her transfer thus far.

Since being incarcerated she has completed several rehabilitation courses including Celebrate Recovery, ACE classes, and metal health programs. She has worked at the Unicor call center for over a year and has several positive progress reports from her supervisors.

She also has a detailed and verifiable Re-entry plan. She will reside with my mother, Vickie Bailey, Stepfather, Gary Bailey, and her children. She has a means of transportation, not only to obtain employment when its safe, but also to be able to go to doctor's appointments to keep and maintain good health with her medical conditions. Although the government brings up her lack of commitment to her care before her incarceration, with all due respect to the government's position, she is not the same person now that she was then. The entire basis for imprisoning people like Ms. Payne is based upon the fact that prison is a place of rehabilitation. While I was certainly wrong and accountable for the poor choices I made prior to incarceration, she can only prove, with her current choices and changes, that she has made this incarceration an opportunity to rehabilitate. Her record should reflect that even before COVID 19, she was working toward correct choices by following the rules, controlling her behavior, and making health choices designed to improve and maintain her current state of health. Ms. Payne has made the choice to live, and not just live, but to live responsibly.

Although you might not consider her current health situation to be "terminal", given the statistical data regarding COVID-19 deaths in people with serious heart conditions and high blood pressure and obesity, it could very well become that soon with the living conditions of FCI Tallahassee, and is totally preventable if she is allowed to continue her incarceration mandate at on home incarceration.

COVID-19 itself is an extraordinary and compelling reason to allow her request for home incarceration, killing almost 200,000 people in just 7 months. 2 months ago, FCI Tallahassee was one of the few prisons that did not have any CPOVID- 19 cases, but within 30 short days 25 inmates and 17 staff had contracted the virus.

She meets several of the criteria listed to be approved, and in her current incarceration facility, she is powerless to take any more preventative measures. Her crime lasted for a period of 4 months, although very serious and deserving of punishment, in light of Covid-19 it should not be a potential death sentence, but should serve as incarceration is designed to do, and rehabilitate the incarcerated.

I, Marti Payne, respectfully ask the court to grant me home confinement until the end of my sentence Aug. 2030, as intend to prove to the court that I can be a reliable, productive, safe, and healthy member of society. For the compelling reasons analyzed in this motion, the court should grant this motion and modify to home confinement, the extraordinary and compelling reasons prong of 3582 (c)(1)(a) allows such relief. Release under the health dangers created by COVID- 19 pandemic.

RESPECTFULLY SUBMITTED,

MARTI PAYNE 21625032

FCI TALLAHASSEE

PO BOX 5000 TALLAHASSEE, FL 32314

CERTIFICATE OF SERVICE

ON SEPTEMBER 17, 2020 I FILED THIS RESPONSE AND PLACED IT IN THE MAILBOX TO:

US DISTRICT COURT

EASTERN DISTINCT OF KY

CLERK OF COURT

310 S. MAIN ST

LONDON KY 40741